CHARLES LOTZ and JULIUS J. HERRIMAN, Respondents, v. SIMON LEVY, Appellant.

Second Department, June 7, 1907.

Principal and agent — broker's action for commissions — failure to establish contract of employment.

Action to recover broker's commissions for services in procuring a purchaser for lands.

Evidence examined and *held* to be insufficient to show that the defendant employed the plaintiff or that the latter produced a purchaser.

APPEAL by the defendant, Simon Levy, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Kings on the 30th day of November, 1906, upon the verdict of a jury rendered by direction of the court after a trial at the Kings County Trial Term.

The action was to recover a broker's commission of $385 for services rendered by the plaintiffs to the defendant in getting a purchaser for a lot of real estate in New York city owned by him. The defendant resided at Seabright, N. J., and the plaintiffs had their place of business in New York city. The case rests in a series of letters between the plaintiffs and the defendant, theirs from the said city and his from Seabright. There was no oral employment. On January 3d, 1906, the plaintiffs wrote to the defendant they had a customer for his lot at $37,500, and asking for an answer. The defendant sent some answer which does not appear; and on February fifth the plaintiffs wrote acknowledging receipt of it, and asking him for his lowest price, and saying they have a "client" for his lot. On February 13th the defendant answered that his price was $38,500, which could stand until March 1st, and that if their client wanted it at that price they must inform the defendant previous to that date. The plaintiffs answered on February 16th that their client deemed the price too high, but that they would see their client on Monday and learn definitely; and asked if the second mortgage could be paid off. The defendant answered on February 19th that he did not know whether the second mortgage could be paid off. On February 26th the plaintiffs wrote that they were working to get their client

up to $38,500, on condition that the second mortgage could be paid off, and asking the defendant to come to New York city and meet him at their office on Wednesday next, so the principals could make mutual concessions. Defendant did not come to New York or answer the letter. On March 27th the plaintiffs wrote that their client would pay $38,500 "over existing mortgages." The defendant answered accepting providing they did business at once, as the offer would not be open after April 1st. The plaintiffs telegraphed or wrote the defendant to come to their office on a day stated, but he did not come. The plaintiffs then sent a lawyer to the defendant at Seabright who asked why he had not come to New York as requested and meet the buyer. The defendant answered that his wife was in the lunatic asylum and she could not join in the deed.

*Isidor Cohn*, for the appellant.

*Harold H. Cohen*, for the respondents.

GAYNOR, J.:

The letters between the parties do not show that the defendant employed the plaintiffs, or that they produced a purchaser. They could not require the defendant to come to New York to meet proposed purchasers; it was for them to produce a purchaser to him. The judgment should be reversed.

WOODWARD, JENKS, HOOKER and RICH, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the event.